

FILED JMK
5/6/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **1:21-CR-292** |
| | ) | |
| v. | ) | |
| | ) | Violation: Title 18, United States Code, |
| STUART NITZKIN | ) | Section 1343 |

JUDGE ELLIS
MAGISTRATE JUDGE COLE

The UNITED STATES ATTORNEY charges:

1.     At times material to this Information:

a.     Defendant STUART NITZKIN was the Executive Director of Organization A, a non-profit Illinois corporation committed to empowering physically disabled children to participate in physical and psychological rehabilitation through sports. Organization A raised money to support its mission through donations and fundraising events.

b.     Defendant NITZKIN's responsibilities included organizing and managing Organization A's fundraising, including fundraising events and soliciting donations from donors.

c.     Organization A authorized defendant NITZKIN to seek reimbursement from Organization A for expenses he incurred that were related to Organization A's fundraising and other mission-related events.

1

2.     Beginning in or around April 2011 and continuing until in or around September 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

STUART NITZKIN,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from Organization A, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.     It was part of the scheme that defendant NITZKIN made materially false and fraudulent representations to Organization A and others in order to misappropriate Organization A's funds, which NITZKIN knew he was not entitled to, and used the funds for his and others' personal benefit, including to reimburse and pay for personal expenses unrelated to, and not for the benefit of, Organization A's mission.

4.     It was further part of the scheme that defendant NITZKIN submitted and caused to be submitted to Organization A invoices and other requests for reimbursement, and obtained reimbursement, for expenses NITZKIN represented were incurred on behalf of Organization A, knowing that the expenses were incurred by NITZKIN for his and others' personal benefit and not for the benefit of Organization A.

5.     It was further part of the scheme that defendant NITZKIN submitted, and caused to be submitted, to Organization A his personal credit card statements,

2

which NITZKIN falsely claimed reflected expenses he incurred on behalf of Organization A, when NITZKIN knew the expenses were for personal expenses unrelated to, and not for the benefit of, Organization A.

6. It was further part of the scheme that defendant NITZKIN started his own business to provide goods and services to a camp that had no connection to Organization A, and charged expenses of his business to Organization A, knowing that he was not entitled to use Organization A's funds to pay for such expenses because the expenses were not for the benefit of Organization A.

7. It was further part of the scheme that defendant NITZKIN withdrew cash and issued checks from, and used a credit card issued on, Organization A's bank account, to pay expenses for his and his family's personal benefit, when NITZKIN knew he was not entitled to use Organization A's funds because the expenses were not for the benefit of Organization A.

8. It was further part of the scheme that defendant NITZKIN took cash from donations to Organization A and used the funds to pay for personal expenses which NITZKIN knew were not for the benefit of Organization A.

9. It was further part of the scheme that defendant NITZKIN caused Organization A to make payments to Vendor A, a personal friend of NITZKIN, to provide catering services to Organization A for a fundraising event, when NITZKIN knew the payments to Vendor A were in excess of the amount due for Vendor A's

services, and further, misrepresented to Organization A the amount paid to Vendor A.

10.     It was further part of the scheme that defendant NITZKIN misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

11.     As a result of the scheme, defendant NITZKIN fraudulently misappropriated at least approximately $831,000 from Organization A.

12.     On or about June 20, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

STUART NITZKIN,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic funds transfer in the amount of approximately $16,018.98 from Organization A's account at Bank A to defendant's credit card account at Bank B;

In violation of Title 18, United States Code, Section 1343.


/s/ *John R. Lausch, Jr.*, by TCM
UNITED STATES ATTORNEY


4